**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 01-60906
Summary Calendar

EMPLOYER'S INSURANCE OF WAUSAU,

Petitioner,

VERSUS

PAUL CLARK; ROY ANDERSON CORPORATION; DIRECTOR, OFFICE OF
WORKERS COMPENSATION PROGRAMS, US DEPARTMENT OF LABOR,

Respondents.

Petition for Review of an Order
of the Benefits Review Board
(01-163)

June 28, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This is an appeal from an order of the Benefits Review Board
("BRB") awarding temporary total disability benefits to claimant,
Paul Clark.  After reviewing the record and the briefs of the
parties, we find no reversible error and affirm.  We summarize our

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

reasons below:

1. The principle argument presented in this appeal relates to the conflict between the testimony of the treating physician, Dr. Johnson-who found no disability-and Dr. Knight, who found that petitioner was disabled. We do not sit to reweigh the credibility of medical witnesses. Substantial evidence supports the BRB's disability determination and its acceptance of the ALJ's credibility call on the medical witnesses.

2. The BRB determination of the claimant's average weekly wage is rational and supported by substantial evidence. We therefore decline to disturb this finding.

3. We are also satisfied that the BRB did not err in accepting the employer's own testimony in determining which corporate entity employed Mr. Clark. Mr. White, the corporate representative of Roy Anderson, Corp. ("RAC") testified that the corporate entity Roy Anderson Building Corp. ("RABC") was established to employ all construction workers employed on vessels. This arrangement permitted the employer to limit its insurance coverage for exposure under the Longshoremen and Harbor Worker's Compensation Act(LHWCA) to employees of RABC. Mr. White testified that Clark was erroneously shown as an employee of RAC and that all employees such as Clark who were employed aboard vessels were intended to be carried on the payroll of RABC so that these employees would have the benefit of their insurance coverage for liability under the LHWCA. This evidence, which was corroborated

2

by other corporate records, fully supports the ALJ's finding that Clark was employed by RABC, which was insured by Employer's Insurance of Wausau.

Because we find no reversible error, the order of the Benefits Review Board is

AFFIRMED.